Blackfokd, J.
This was a bill in chancery filed by Hanna and Edsall, the object of which was to obtain a decree enjoining the proceedings in a suit at law commenced by the defendants against the complainants, and requiring the note on which the suit at law was founded to be canceled. The bill was answered, depositions were taken, and a decree was rendered in favor of the complainants.
The following are the material facts: The complainants, for a valuable consideration, executed to one Tennery their promissory note for $105, dated the 24th of December, 1831, and payable on or before the 1st of July, 1833. Whilst Tennery held the note, viz., on the 26th of December, 1831, W. G. and G. W. Ewing recovered a judgment against him for $100, which judgment was, on the next day after it was rendered, replevied by Edsall, one of the complainants. The following instrument, without date, was afterwards executed by Tennery: “Samuel Edsall has entered bail'for me for $100, and in case I do not pay the amount, and he has it to pay, a-note I hold, against Hanna and Edsall ior $105 shall be of no effect, and this will be a sufficient receipt against said note dated December the 24th, 1831.” Before the time had expired for which the judgment was replevied, Tennery removed from the State without leaving any property to satisfy the judgment. The note was assigned about the 1st of May, 1833, by Tennery to the defendants, and the latter commenced suit on it against the makers on the 3d of July, 1834, the writ being served on the 9th of August following. Edsall, after the service of the writ, viz., on ,the 12th of September, 1834, paid the judgment against Tennery which had been replevied.
*We think that the payment of the judgment replevied could not, under the statute, be set up as *583 a defense to the suit at law brought by the assignees of the note, the payment not having been made until after notice of the assignment. R. S., 1883, p. 119. The bill before us, indeed, admits this, but, in order to give the Court of chancery jurisdiction, it charges the assignees with intending to defraud the complainants. The answer, however, denies all fraud, and alleges that the defendants were bona fide assignees for value, and without notice of the complainants having any defense. There was no proof of the charge; and the bill, therefore, should have been dismissed.
IT. Cooper, for the appellants.
W. H. Coombs and 0. H. Smith, for the appellees.
Per Curiam,.—The decree is reversed, with costs. Cause remanded, &c.